```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| THOMAS A. IANACCE, | : |
| Plaintiff | : Civil No. 03-5973 (JBS) |
| v. | : **O P I N I O N** |
| GRACE ROGERS, et al. | : |
| Defendants | : |

     THOMAS A. IANACCE, #2898/790716A, Plaintiff <u>Pro</u> <u>Se</u>
     Adult Diagnostic and Treatment Center
     8 Production Way
     Avenel, New Jersey 07001

     LINDA K. DANIELSON, Deputy Attorney General
     PETER C. HARVEY, Attorney General of New Jersey
     Division of Criminal Justice-Appellate Bureau
     P.O. Box 086
     Trenton, New Jersey 08625
     Attorneys for Respondents

**<u>SIMANDLE, DISTRICT JUDGE</u>**

     Plaintiff Thomas A. Iannace ("Ianacce"), a prisoner who is confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey ("ADTC"), filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a New Jersey state court conviction. Respondents answered, arguing, <u>inter</u> <u>alia</u>, that the Petition should be dismissed as untimely. For the reasons expressed in this Opinion, the Court will dismiss the Petition as untimely and decline to issue a certificate of

appealability. See 28 U.S.C. §§ 2253(c), 2254(a),(b),(c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction filed on November 10, 1997, and amended on November 21, 1997, in the Superior Court of New Jersey, Law Division, Camden County, after a jury convicted him of multiple counts of aggravated sexual assault, endangering the welfare of a child, and sexual assault on a child less than 13 years of age. Petitioner was sentenced as a repetitive and compulsive sex offender to a term of 50 years in prison, with a 19-year period of parole ineligibility, to be served at the Adult Diagnostic and Treatment Center. Petitioner appealed, and in an opinion filed on April 1, 1999, the Appellate Division of the Superior Court of New Jersey affirmed. State v. Iannace, No. A-1416-97T3 (App. Div. April 1, 1999). On July 8, 1999, the Supreme Court of New Jersey denied certification. State v. Iannace, 161 N.J. 331 (1999) (table).

On April 6, 2000, Petitioner executed a pro se petition for post conviction relief and presumably handed it to prison officials for mailing to the New Jersey Superior Court, Law Division. The Law Division denied relief by an order entered May 4, 2001. Petitioner appealed, and in an opinion filed December 6, 2002, the Appellate Division affirmed. State v. Iannace, No. A-5738-00T4 slip op. (App. Div. Dec. 6, 2002). On June 5, 2003, the Supreme Court of New Jersey denied certification. State v.

Iannace, 177 N.J. 221 (2003)(table).

Petitioner executed the Petition now before the Court on December 14, 2003.[1]  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  In response to the Mason Order, Petitioner elected to withdraw the Petition and file one all-inclusive petition.  By Order entered April 23, 2004, the Court granted the request to withdraw the Petition and directed the Clerk to close the file.  In response to Petitioner's subsequent letter, this Court re-opened the file and directed the Clerk to serve and Respondents to answer the Petition.

The Petition presents four grounds, none of which raises a right newly recognized by the United States Supreme Court:

> Ground One:  Failure to cross examine Det. D'Ascentis on his many inconsistencies in testimony throughout the trial.
>
> Ground Two:  Failure to apply for pretrial hearings to insure that all of my "evidence" would be heard.
>
> Ground Three:  Ineffective assistance of counsel's at both sentencing & PCR's to call an expert witness for my defense.

---

[1] The Clerk of the Court inexplicably docketed the Petition as being filed on December 4, 2003.  However, both the Petition and the affidavit of poverty accompanying the Petition were signed and dated by Petitioner on December 14, 2003.

>    Ground Four:  Failure to question both victim
>    & mother on the many inconsistencies in their
>    testimony.  They just assumed that everything
>    was true.

(Pet. ¶¶ 12.A. - 12.C.)

The State filed an Answer, arguing that the Petition is untimely and that the grounds raised do not warrant habeas relief.  Petitioner filed a Traverse, several letters, and exhibits, arguing that the Petition was timely filed and that he is entitled to habeas relief.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

>    (A) the date on which the judgment became
>    final by the conclusion of direct review or
>    the expiration of the time for seeking such
>    review;
>
>    (B) the date on which the impediment to
>    filing an application created by State action
>    in violation of the Constitution or laws of
>    the United States is removed, if the
>    applicant was prevented from filing by such
>    State action;
>
>    (C) the date on which the constitutional
>    right asserted was initially recognized by
>    the Supreme Court, if the right has been

>newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. <u>Merritt v. Blaine</u>, 326 F.3d 157, 161 (3d Cir. 2003); <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (citations omitted). Moreover

>... an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all

>       filers generally . . . .  But in common
>       usage, the question whether an application
>       has been "properly filed" is quite separate
>       from the question whether the claims
>       *contained in the application* are meritorious
>       and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted).

A post conviction petition that is untimely under state law is not "properly filed" within the meaning of § 2244(d)(2).  Pace v. DeGuglielmo, 125 S.Ct. 1807, 1812 (2005) ("We fail to see how timeliness is any less a 'filing' requirement than the mechanical rules that are enforceable by clerks, if such rules exist").  Jurisdictional matters and fee payments, both of which often necessitate judicial scrutiny, are also conditions to filing.  Id.

The AEDPA statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).

Mere excusable neglect is not sufficient.  Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

B. Analysis

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed July 8, 1999.  State v. Iannace, 161 N.J. 331 (1999) (table).  The statute of limitations therefore began to run on

October 7, 1999, the day after the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court.  See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  The State argues that limitations period ran for 249 days, and was statutorily tolled on June 13, 2000, when the clerk of Law Division "accepted" Petitioner's petition for post conviction relief "for placement into the official record."  Artuz, 531 U.S. at 8.  The record provided by the State includes a printout regarding Petitioner's post conviction relief application which provides that the motion was filed on June 13, 2000, and heard by the court on May 4, 2001.  The State argues that the limitations period resumed again on June 6, 2003, the day after the Supreme Court of New Jersey denied certification on post conviction review.  State v. Iannace, 177 N.J. 221 (2003) (table).  According to the State, the statute of limitations ran for the final 116 days until it expired on September 30, 2003.  The State insists that the Petition is untimely because Petitioner did not sign his § 2254 Petition until December 14, 2003, three months after the limitations period expired, and Petitioner is not entitled to equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner responds in his Traverse to the State's statute

of limitations defense as follows:

> I WILL PUT IN LETTERS FROM ME TO MY LAWYERS, AND THE PUBLIC DEFENDERS OFFICE ASKING WHAT TO DO [NEXT] AND UNTIL JULY OF "2003" THEY WERE TELLING ME TO FILE FOR ANOTHER PCR, OR FOR A NEW TRIAL WITH NEWLY DISCOVERED EVIDENCE. IT WAS NOT UNTIL AUGUST OF "2003" THAT I FOUND OUT ABOUT THIS HABEAS CORPUS HEARING, AND BY THE TIME I GOT THE APPLICATION AND DIRECTIONS IT WAS OCTOBER, AND IT TOOK ME A FEW MONTHS TO GET EVERYTHING TOGETHER AND TYPE IT UP I WAS UNAWARE OF ANY TIME TO HAVE IT IN.

(Traverse at 11.)

This Court construes this as an argument that the limitations period should be equitably tolled because Petitioner was unaware of the one-year statute of limitations under § 2244(d) and counsel representing him on post conviction relief failed to advise him about § 2254.

This Court finds that Petitioner is not entitled to equitable tolling because he has not shown that extraordinary circumstances prevented him from asserting his rights. In non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001). Petitioner's contention that his post-conviction relief attorney failed to advise him is not an extraordinary circumstance. See Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not warranted where the petitioner relied on erroneous advice from his state public defender that he had one year from the date

of denial of post-conviction relief to file his federal habeas petition). Nor is Petitioner's ignorance of the AEDPA an extraordinary circumstance excusing his failure to comply with the statute of limitations. <u>Jones</u>, 195 F.3d at 160.

This Court notes that Petitioner signed his State post conviction relief petition, which is included in the record, on April 6, 2000. Although Petitioner does not present the argument, this Court has calculated the statute of limitations using April 6, 2000, as the date on which statutory tolling begins. In that situation, the limitations period would have run from October 7, 1999, the day after the conviction became final, for 181 days until it was statutorily tolled on April 6, 2000. The limitations period would have picked up again on June 6, 2003, the day after the Supreme Court of New Jersey denied certification on post conviction review, and run for the remaining 184 days until it expired on December 8, 2003. Even on this alternative calculation, the Petition would be untimely because it would have expired on December 8, 2003, six days before Petitioner signed his § 2254 Petition. Under these circumstances, this Court is constrained to dismiss the Petition as time barred.

C. <u>Certificate of Appealability</u>

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that

"the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

An appropriate Order accompanies this Opinion.


                                   s/ Jerome B. Simandle
                                       **JEROME B. SIMANDLE**
                                   **UNITED STATE DISTRICT JUDGE**


**DATED:  December 21  , 2005**