IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS A. IANNACE, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | CIVIL NO. 03-5973 (JBS) |
| v. | |
| GRACE ROGERS, Administrator, Adult Diagnostic and Treatment Center, and PETER C. HARVEY, Attorney General of New Jersey, | **OPINION** |
| Respondents. | |

APPEARANCES:

THOMAS A. IANNACE
# 2898/790716A
F-305 West
Northern State Prison
P.O. Box 2300
Newark, New Jersey 07114
     Petitioner Pro Se

ZULIMA V. FARBER
Attorney General of New Jersey
By:  Linda K. Danielson
     Deputy Attorney General
Division of Criminal Justice
Appellate Bureau
P.O. Box 086
Trenton, New Jersey 08625
     Attorney for Respondents

**SIMANDLE,** District Judge:

      Petitioner brings this motion for an extension of time to

file a notice of appeal pursuant to Federal Rule of Appellate

Procedure 4(a)(1)(A).  Respondents oppose this motion, arguing that Petitioner has failed to demonstrate excusable neglect or good cause.  For the following reasons, this Court holds that Petitioner's motion to extend was timely, and Petitioner's delay in filing his notice of appeal was due to excusable neglect. Accordingly, Petitioner's motion is granted and his time to file notice of appeal will be extended to ten days from the date of the entry of the accompanying order.

I.   **FACTS**

On March 22, 2004, while imprisoned at the Adult Diagnostic and Treatment Center, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Petition was considered by this Court, and denied by an Opinion and Order entered on December 22, 2005.  On that date, a copy of the same was mailed to Petitioner at the Adult Diagnostic and Treatment Center.  That mailing was not returned to this Court.

Meanwhile, however, unbeknownst to the Court, Petitioner was transferred to Northern State Prison, on September 30, 2005. This Court received notice of Petitioner's address change on February 2, 2006, four months after the Petitioner was transferred.

2

Petitioner acknowledges that he was aware of this Court's Opinion denying his Petition on January 19, 2006, 28 days after the entry of judgment. (Resp. Ex. D.)  In January, 2006, this Court received letters from Petitioner expressing frustration over his perceived inability to appeal.  By letter to Petitioner dated February 7, 2006, this Court informed Petitioner that he could request certification from the Court of Appeals despite this Court's order declining to issue a certificate of appealability.  The letter also briefly outlined the procedural rules governing appeal and informed Petitioner that the Court would consider a motion to extend the time to file an appeal if filed no later than February 22, 2006.

On February 16, 2006, Petitioner filed the present motion for extension of time due to "Excusable Neglect or Good Cause."

## II.  DISCUSSION

The issue before this Court is whether Petitioner's delay in filing his notice of appeal was due to excusable neglect or good cause.  If so, this Court may extend the time for Petitioner to file notice of appeal.

Rule 4 requires this Court to conduct a two part analysis to determine 1) if the motion to extend was timely, and 2) whether

the moving party has demonstrated excusable neglect or good
cause.  <u>See</u> Fed. R. App. P. 4(a)(1)(A)(i)-(ii).

**A.    Petitioner's Motion to Extend was Timely**

First, this Court must determine if the Petitioner's motion
to extend was timely.

Federal Rule of Appellate Procedure 4 provides as follows,
in pertinent part:

> (A) The district court may extend the time to file a notice
> of appeal if:
>> (i) a party so moves no later than 30 days after the
>> time prescribed by this Rule 4(a) expires; ...

Fed. R. App. P. 4(a)(5)(A)(i)

Regarding prison inmates, the date on which a notice to
appeal is filed is the date that document is submitted to the
prison's internal mail system.  Fed. R. App. P. 4(c)(1).  In this
case, the Petition was denied by Order and Opinion entered on
December 22, 2005.  Thus, Petitioner was required to file notice
of appeal by January 23, 2006.[1]  Further, Petitioner's motion to
extend the time to file a notice of appeal was due on or before
February 22, 2006.  <u>See</u> Fed. R. App. P. 4(a)(5)(A)(i).

---

[1]Thirty days from December 22, 2005 is January 22, 2006.
However, January 22, 2006 was a Sunday and, thus, the notice was
due on or before January 23, 2006.  Fed. R. Civ. P. 6(a).

4

In this case, Petitioner filed a motion to extend on February 16, 2006, six days before the statute required. Accordingly, Petitioner's motion to extend is timely.

**B.   Excusable Neglect or Good Cause**

In order for this Court to grant Petitioner's motion to extend, Petitioner must demonstrate excusable neglect or good cause.  Rule 4(a)(5)(A)(ii) provides as follows:

> Regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

The Third Circuit has held that excusable neglect under Rule 4(a)(5) is to be examined using the test outlined by the Supreme Court of the United States in Pioneer Inv. Servs. Co. v. Brunswick Assocs. L'td. P'ship., 507 U.S. 380 (1993).  In re Diet Drugs Products Liability Litigation, 401 F.3d 143, 153 (3d Cir. 2005); see also George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 163-64 (3d Cir. 2004) (applying the Pioneer test to Fed. R. Civ. P. 60(b)).  In Pioneer, the Supreme Court prescribed a multi-factor balancing test for excusable neglect in the context of the Bankruptcy Code.  507 U.S. 380.

In In re Diet Drugs Products Liability Litigation, the Third Circuit stated, "Since [Pioneer,] whether a party's neglect is excusable has been held to be an equitable determination, in

5

which we are to take into account all the relevant circumstances surrounding a party's failure to file timely."  401 F.3d at 153. The Third Circuit specifically found abuse of discretion in the lower court's denial because that court did not reference the Pioneer balancing standard.  Id. at 154.

Accordingly, this Court will evaluate this motion by balancing the factors set forth in Pioneer.  The Pioneer factors for determining excusable neglect are as follows:

> Determination of whether neglect is "excusable,"... is at bottom an equitable one, taking account of all relevant circumstances surrounding party's omission; these include danger of prejudice..., length of delay and its potential impact on judicial proceedings, reason for delay, including whether it was within reasonable control of movant, and whether movant acted in good faith.

507 U.S. at 395.  See also In re Diet Drugs Products Liability Litigation, 401 F.3d at 143 n. 20.

Accordingly, these factors will be taken in turn, along with a consideration of all relevant circumstances.

### 1.   Prejudice to Respondents

First, there is no danger of prejudice to the Respondents.

The absence of prejudice to the non-moving party factor is a persuasive consideration.  See Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co., 475 F. Supp. 282, 283 (E.D.Pa. 1979) (finding excusable neglect where movant did not receive judgment on time, but there was no demonstrated prejudice to the non-

6

moving party).  Further, the Third Circuit has found that a minimal time delay is indicative of an absence of prejudice.  <u>See</u> <u>In re Diet Drugs Products Liability Litigation</u>, 401 F.3d at 154.

In this case, the Petitioner filed this motion within the sixty day time limit of Rule 4(a)(5)(A).  Further, within the original thirty day period following judgment, Respondents received a copy of a letter Petitioner sent to this Court expressing his confusion over the appeals process, and a copy of this Court's letter to Petitioner attempting to clarify the issue.  These letters were sufficient to inform Respondents of the Petitioner's desire to appeal, though it did not constitute notice of appeal.[2]  Moreover, Respondents have not claimed to suffer any prejudice by the Petitioner's delay in filing notice of appeal.  For these reasons, this Court finds no prejudice to the Respondents in allowing an extension of time.

### 2.   Length of Delay

The length of delay here is minimal.  As mentioned above, the motion was filed within sixty days of judgment.  Such a delay is not substantial, and the Respondents' interest in repose does not outweigh Petitioner's interest in filing an appeal.  <u>See</u> <u>In</u>

---

[2]Petitioner's letter contains attacks on the Court, Respondents, Christine Todd Whitman, and the Department of Corrections, but does not approach meeting the specificity requirements of Fed. R. App. P. 3(c).

re Diet Drugs Products Liability Litigation, 401 F.3d at 154
(finding a delay of eight days could not prejudice the non-moving
party).

### 3.   Reasons for Delay

Petitioner argues that his delay was caused by his transfer
to a prison where he was mistreated, imperiled, and did not have
adequate access to mail.  Respondents do not challenge these
allegations, instead arguing that Petitioner's failure to file a
timely change of address form and to file notice to appeal after
receiving the judgment were not the result of excusable neglect.

Generally, it has been held that the reason for delay is the
most persuasive factor.  Lowry v. McDonnell Douglas Corp., 211
F.3d 457, 463, (8th Cir. 2000), cert denied, 531 U.S. 929.  While
excusable neglect does not require that the delay be outside of
the movant's control, that fact is persuasive.  Pioneer, 507 U.S.
at 395.  Excusable neglect is an elastic concept, and "'neglect'
encompasses both simple, faultless omissions to act and omissions
caused by carelessness...." 16A Wright, Miller & Kane, Federal
Practice & Procedure § 3950.3 (quoting, Pioneer, 507 U.S. at
382).  The plain meaning of neglect includes commonplace mistakes
and errors that are reasonable.  Pioneer, 507 U.S. at 388.  See
George Harms Const. Co., Inc. v. Chao, 371 F.3d 156, 163.

(finding excusable neglect where a normally effective internal mail-handling seemed to have failed).

Petitioner argues that the Department of Corrections intentionally withheld his mail, publicized the Petitioner's former occupation as a police officer to endanger him, refused commissary access to purchase stamps, and refused to allow phone calls.  Respondents do not deny these allegations.

The Court finds Petitioner's allegations persuasive. Petitioner's uncontested statements as to his inability to access telephones or mail supplies show that his non-compliance was outside of his control.  Similarly, in George Harms Const. Co., Inc., a construction company's neglect in timely filing was found excusable where there was a showing that their normally reliable internal mail service's unexpected failure was outside their control.  371 F.3d at 163.   The facts here weigh even more heavily in Petitioner's favor.  Petitioner claims he was prevented from accessing his own mail and from corresponding with the Court.  Such conditions made compliance with appellate rules nearly impossible for the Petitioner, and by no fault of his own. These circumstances constitute excusable neglect.

Second, Respondents argue that Petitioner did not send a notice of appeal despite receiving the judgment three days before the deadline.

Here, Petitioner received the Opinion and Order denying his petition three days before the deadline to file notice of appeal. Instead of filing such notice, the Petitioner sent a letter to this Court protesting what he perceived to be his inability to appeal. Petitioner's confusion was based on language in the order stating that "no certificate of appealability shall issue." While it would have been ideal for the Petitioner to have more effectively researched the issue of appealability, this is the kind of "omission caused by carelessness" that fits into the "elastic concept" of excusable neglect. <u>Pioneer</u>, 507 U.S. at 388. A mistaken reading of such legal terms by a pro se layperson is understandable within the scope of <u>Pioneer</u>.

Accordingly, the reasons provided by the Petitioner demonstrate excusable neglect.

### 4. Good Faith

Finally, it appears that Petitioner has acted in good faith.

In analyses determining "good cause", the Third Circuit has given weight to good faith in Rule 4(a)(5)(A) analysis.[3]

___

[3]Prior to <u>Pioneer</u>, the Third Circuit was among those Circuits that did not require circumstances outside the party's

In <u>Lovelace v. Acme Markets</u>, and <u>Braxton v. United States</u>, the Court found an absence of good faith where counsel relied on assurances of a process server and made no effort to verify that process was served. 820 F.2d 81, 83 (3d Cir. 1987), <u>cert.</u> <u>denied</u>, 484 U.S. 1032; 817 F.2d 238, 240 (3d Cir. 1987).

In <u>Consolidated Freightways Corp.</u>, counsel accidentally addressed the notice of appeal to the Eastern District of Pennsylvania instead of the Middle District of Pennsylvania. 827 F.2d at 920. This was found to be in good faith because the delay "was not the result of any bad faith but rather occurred despite counsel's substantially diligent efforts at compliance, [so] the judicial interest in deciding cases on the merits outweighs the interest in finality." <u>Id.</u> These cases illustrate the value given to good faith in the Third Circuit. Here, it appears from the record that Petitioner acted in good faith. Petitioner was intently involved in his pursuit of this case where possible. Petitioner sent a number of letters to this Court inquiring about the status of his petition. Upon receiving a letter from this Court on May 27, 2004, Petitioner filed his Amended Petition less than two weeks later on June 7, 2004.

---

control to find excusable neglect. The analysis in the Third
Circuit included similar consideration of good faith. <u>See</u>, <u>e.g.</u>,
<u>Consolidated Freightways Corp. of Del. v. Larson</u>, 827 F.2d 916,
919 (3d Cir. 1987), <u>cert.</u> <u>denied</u>, 484 U.S. 1032 (1988).

11

Further, upon hearing that his petition had been denied, Petitioner immediately sent a letter to this Court protesting his perceived inability to appeal.  These are not the actions of a party that is unjustifiedly dilatory.  Rather, Petitioner has made best efforts despite his incarceration to stay aware of the proceedings before this Court, and consistently made inquiries prior to his transfer to Northern State Prison.  Petitioner's actions support the claim that his failure to file notice of appeal on time was the result of excusable neglect, and was not due to bad faith.

Here, the Petitioner is representing himself and was transferred between prisons, apparently with little notice. Admittedly, he should have informed this Court of his change of address in the Fall of 2005, as required by L.Civ.R.10.1(a). There is no prejudice to the Respondents, the length of the delay is slight, the Petitioner has raised reasons that were beyond his control, and it appears that he made good faith efforts to comply with the Court's requirements.  Petitioner's letters demonstrate that he is involved in these proceedings and has not delayed to gain any tactical advantage, nor has he delayed due to any disinterest in his case.  Looking to all the circumstances

12

surrounding this delay, this Court finds that Petitioner's
neglect was excusable.

## III. CONCLUSION

For the reasons above, Petitioner's motion will be granted,
and Petitioner's time to file a notice of appeal will be extended
to ten days following entry of the order accompanying this
opinion.  <u>See</u> Fed. R. App. P. 4(a)(5)(C).


<u>July 18, 2006</u>                                         **  s/ Jerome B. Simandle  **
Date                                                   JEROME B. SIMANDLE
                                                       U.S. District Judge


13